IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

```
LORETTA MALONE,                )
                               )
        Plaintiff,             )
                               )
    v.                         )   Case No. 10-0508-CV-W-REL
                               )
TARGET CORPORATION,            )
CHAD SINNWELL,                 )
and                            )
PATRICIA WEISS,                )
                               )
        Defendants.            )
```

**ORDER GRANTING MOTIONS TO DISMISS**

Before the court are motions to dismiss filed by defendants Target Corporation, Chad Sinnwell, and Patricia Weiss. Defendants argue that plaintiff's case is based on a second charge of discrimination filed with the Missouri Human Rights Commission related to her employment with and termination from Target; however, the Missouri Human Rights Act precludes the Commission from accepting a second charge relating to the same practice or act alleged in an earlier charge. For the following reasons, the defendants' motions to dismiss will be granted.

## I. *BACKGROUND*

According to the facts alleged in the complaint, which are assumed to be true for purposes of this motion, plaintiff was employed by Target for nearly 15 years. Her final position was store team leader. Plaintiff met her employer's expectations and had no performance or discipline issues prior to being assigned a new executive team leader, defendant Sinnwell, in 2007.

Plaintiff took off pursuant to the Family Medical Leave Act ("FMLA") in 2007. When she returned to work, Sinnwell began "unrealistically" increasing plaintiff's productivity requirements and harassing her. Plaintiff again took FMLA leave in 2008. Sinnwell continued to harass and treat plaintiff differently than other employees, threatened her job, and increased production requirements without giving her sufficient manpower or hours to complete the job.

Plaintiff reported Sinnwell's discriminatory treatment to defendant Weiss, Target's regional HR manager. After reporting Sinnwell, plaintiff was exposed to increased scrutiny, was written up, and was put on corrective action for vague performance deficiencies. Weiss and Sinnwell met with plaintiff and told her, "Target is changing" to which she asked, "Do you mean out with the old, in with the new?" She got no response.

Weiss was transferred in June 2009. Plaintiff was terminated on September 17, 2009.

Plaintiff's disability discrimination claim stems from an August 2009 asthma attack while on duty – she was given a ride to the hospital by a Target employee but her request for a ride back to work was denied. This occurred one month before plaintiff was terminated.

On September 17, 2009, plaintiff filed, both with the Equal Employment Opportunity Commission ("EEOC") and with the Missouri

Human Rights Commission ("MHRC"), a charge of discrimination based on her age and retaliation. She listed Target as the respondent. On October 13, 2009, the MHRC issued plaintiff a notice of right to sue. On January 11, 2010, she filed a lawsuit in Clay County, Missouri, which was subsequently removed by Target. That case is assigned to me as Case Number 10-0159-CV-W-REL.

Meanwhile, on December 23, 2009, plaintiff filed a second charge of discrimination with the MHRC naming Target, Weiss, and Sinnwell as respondents, and she added a claim of disability discrimination. The MHRC issued a notice of right to sue on February 18, 2010. Plaintiff filed a lawsuit against Target, Weiss, and Sinnwell in Clay County on April 8, 2010.

On May 19, 2010, defendants removed the second case to federal court, and that case was assigned to me as Case Number 10-0508-CV-W-REL - the instant case. In their notice of removal, defendants allege that Weiss and Sinnwell, both Missouri residents, were added fraudulently to defeat federal jurisdiction.

On May 26, 2010, Target filed a motion to dismiss (document number 5) arguing that plaintiff was precluded from filing a second charge of discrimination with the MHRC and that plaintiff impermissibly split her claim. Plaintiff filed a response on June 15, 2010 (document number 11), pointing out that plaintiff

3

did not have a lawyer when she filed her first claim with the MHRC, she "did not understand and forgot" to include the individual defendants and therefore was "forced" to file an "amended" charge of discrimination adding the individual defendants and a claim of disability discrimination. Target filed a reply on July 2, 2010 (document number 15) noting that plaintiff had failed to discuss in her response the statutory bar against her second charge.

On the same day plaintiff filed her response to defendant's motion to dismiss, she filed a motion to remand (document number 10) on the ground that the individual defendants are liable for plaintiff's discriminatory treatment and therefore were not fraudulently joined. Plaintiff repeats her argument about being forced to file an amended complaint with the MHRC because she forgot to add the individual defendants the first time.

On July 2, 2010, Target filed a response to plaintiff's motion to remand (document number 16) arguing among other things that plaintiff's "amendment argument" is contrary to the Missouri Human Rights Act's plain language which precludes her second charge.

On July 14, 2010, plaintiff filed a reply (document number 17) pointing out that she was without counsel and "did not understand the nuances of filing MHRA charges".

On September 20, 2010, defendant Sinnwell filed a motion to dismiss incorporating the arguments and briefing from Target's motion to dismiss (document number 25). Plaintiff filed her objections on September 23, 2010 (document number 26). Defendant Weiss filed her motion to dismiss on October 21, 2010 (document number 32), and plaintiff responded on November 15, 2010 (document number 33).

## *II. MOTIONS TO DISMISS*

A motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1023-24 (8th Cir. 2008), cert. denied, 129 S. Ct. 1000 (2009). In ruling a motion to dismiss, the court is required to view all facts in the complaint as true. CN v. Willmar Public Schools, 591 F.3d 624, 629 (8th Cir. 2010); Owen v. General Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008). Although a complaint need not include detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alteration omitted). Instead, the complaint must set forth

"enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In this case, defendant argues that plaintiff can prove no set of facts which would entitle her to relief because her claims are barred. See Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008) ("Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate.")

Mo. Rev. Stat. § 213.075.1 provides the following:

> Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination, which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof . . . .

Filing a complaint with the Human Rights Commission is a pre-condition to seeking relief in court. State ex rel. Diehl v. O'Malley, 95 S.W.2d 82, 90 (Mo. banc 2003). The Missouri Supreme Court, in State ex rel Diehl v. O'Malley, 95 S.W.2d at 89-90, described the process from allegedly suffering discrimination to seeking redress in the court:

> When Diehl believed that she had been discriminated against, her first avenue of redress was to file an administrative complaint with the Missouri Commission on Human Rights, established in chapter 213. . . . When the state commission receives such a complaint, it is to investigate the complaint. . . . Missouri Human Rights Act actions have a separate, alternate path available to a complainant. That path is set forth in section 213.111, which allows Diehl to opt out of the commission's proceedings by asking for [a] letter indicating that she has a right to bring a civil

> action (commonly referred to as a "right to sue" letter). When she requests the letter, after 180 days from the filing of her complaint with the commission, the commission is obligated to issue the letter if the commission has not completed its administrative processing. At this point, the complainant has the right to bring an action for damages or other relief against the respondent within 90 days of the letter, but not more than two years after the discrimination allegedly took place, in the circuit court "in any county in which the unlawful discriminatory practice is alleged to have occurred" Section 213.111; see also <u>Martin-Erb [v. Missouri Commission on Human Rights]</u>, 77 S.W.3d 600 [(Mo ban 2002)].
>
> Once the 180-day period has passed without administrative action, and the complainant requests a right-to-sue letter, ***the commission can proceed no further***. <u>Id</u>. . . .

The statute is clear that once a right-to-sue letter has been issued, the MHRC can do no more with respect to the complained-of discriminatory actions. "Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act." Mo. Rev. Stat. § 213.111.1. The Missouri Human Rights Commission, as an administrative agency and a creature of statute, has only such authority as is delegated by the legislature. Mo. Rev. Stat. § 213.020.1; <u>Cade v. State of Missouri Dept. of Social Services</u>, 990 S.W.2d 32, 39 (Mo. Ct. App. 1999).

Plaintiff urges the court to overlook this limitation because she forgot to add the individual defendants and her handicap discrimination claim. I have found no legal authority

7

supporting plaintiff's position, and indeed she cites none in her response.  The discriminatory acts involving the individual defendants are the very same acts described in plaintiff's complaint against Target as the sole respondent.  In accordance with Mo. Rev. Stat. § 213.111.1, plaintiff was not entitled to file the second claim with the Missouri Human Rights Commission.

Plaintiff's double filing has resulted in the same allegedly discriminatory actions making up two separate lawsuits.  This is impermissible.  A cause of action that is single may not be split and filed or tried piecemeal.  <u>Foster v. Foster</u>, 39 S.W.3d 523, 528 (Mo. Ct. App. 2001).  A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions.  <u>See</u>, e.g., Restatement (Second) of Judgments § 24 (addressing claim preclusion principles concerning splitting claims); <u>see also id</u>. at 5-6 (indicating res judicata is a common law doctrine, even though rules of procedure shape this doctrine).  That doctrine requires a plaintiff to join all claims together that the plaintiff has against the defendant.  <u>Friez v. First American Bank & Trust of Minot</u>, 324 F.3d 580, 581 (8th Cir. 2003).  <u>See also</u> <u>Stone v. Department of Aviation</u>, 453 F.3d 1271 (10th Cir. 2006); <u>Brzostowski v. Laidlaw Waste Systems, Inc.</u>, 49 F.3d 337 (7th Cir. 1995); <u>Carter v. Sheet Metal Workers' Intern. Ass'n</u>, 724 F.2d 1472, 1477 (11th Cir.), <u>cert</u>. <u>denied</u>, 469 U.S.

831 (1984); <u>Williams v. Dept. of the Army</u>, 715 F.2d 1485, 1490-1491 (Fed. Cir. 1983).

In general, the test for determining whether a cause of action is single is: (1) whether separate actions brought arise out of the same act, contract or transaction; or (2) whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. <u>Id</u>. The word "transaction" has a broad meaning and includes all the facts and circumstances out of which an injury arose. <u>Finley v. St. John's Medical Center</u>, 958 S.W.2d 593, 595 (Mo. Ct. App. 1998).

In this case, plaintiff's first claim against Target alleged that she was employed by Target for 15 years; she last worked as a team leader; she had no performance or discipline issues before Sinnwell took over as her supervisor; when she returned from medical leave Sinnwell began increasing her job requirements; Sinnwell gave her higher production quotas than other similarly situated employees; she reported Sinnwell's discriminatory treatment to Weiss; she was exposed to increased scrutiny after making that report and was placed on correction actions for vague performance deficiencies; both Weiss and Sinnwell met with plaintiff and said that Target is changing; neither responded when plaintiff asked if that meant out with the old, in with the new; and plaintiff was terminated on September 17, 2009. These are the very same allegations in the case before me now.

Plaintiff's claim of disability discrimination -- which does not appear in her first lawsuit -- alleges that she was denied a ride back to work from the hospital after having had a severe asthma attack. It is highly doubtful that this would even be considered an adverse employment action for purposes of a disability discrimination claim. An adverse employment action is one which has a "tangible change in working conditions that produces a material employment disadvantage" such as termination, cuts in pay or benefits, or changes that affect an employee's future career prospects, but not "minor changes in duties or working conditions, even unpalatable or unwelcome ones". <u>Clegg v. Arkansas Department of Correction</u>, 496 F.3d 922, 926 (8th Cir. 2007). If plaintiff intended her termination to be the adverse employment action in her disability discrimination claim, she again runs into the problem of multiple lawsuits with different theories of recovery for the same adverse employment action. This is an impermissible split of her claim.

Plaintiff's lack of knowledge or "forgetfulness" is no excuse for violating the terms of the statute. Mo. Rev. Stat. § 213.075.1 provides that plaintiff had 180 days after any act of discrimination to file her complaint with the MHRC. Instead, plaintiff filed her complaint the very day of her termination. There is no provision for setting aside the requirements of §

213.111.1 merely because one begins a legal proceeding without first consulting with an attorney.

### III. CONCLUSION

Based on the above, I find that plaintiff was prohibited from filing a second complaint with the Missouri Human Rights Commission after the Commission had already given her a right-to-sue letter for the same discriminatory acts. Therefore, it is

ORDERED that Target Corporation's motion to dismiss is granted. It is further

ORDERED that Chad Sinnwell's motion to dismiss is granted. It is further

ORDERED that Patricia Weiss's motion to dismiss is granted. It is further

ORDERED that plaintiff's motion to remand is denied.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 25, 2011